# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HALEY HOLCOMB,**

                **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-45-Orl-22DAB**

**THE MORTGAGE HOUSE, INC., and**
**GAVIN SUSMAN,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION AND ORDER

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S OVERTIME CLAIMS FOR LACK OF JUSTICIABLE CONTROVERSY (Doc. No. 48)**
>
> **FILED:** November 15, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** to dismiss Plaintiff's claim for overtime, reserving jurisdiction over the claim for attorney's fees.
>
> **MOTION:** **DEFENDANTS' OBJECTION TO PLAINTIFF'S NOTICE OF SETTLEMENT AND MOTION TO STRIKE (Doc. No. 50)**
>
> **FILED:** November 29, 2006
> _____
>
> **THEREON** it is **ORDERED** that the Motion to Strike is **DENIED** as unnecessary.

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' UNOPPOSED MOTION TO CONTINUE DEADLINES IN CASE MANAGEMENT AND SCHEDULING ORDER (Doc. No. 53)** |
| **FILED:** | **November 30, 2006** |
| **THEREON** it is **ORDERED** that the motion is **DENIED** as moot. | |
| **MOTION:** | **DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PROVIDE MORE COMPLETE RESPONSES TO THE COURT'S INTERROGATORIES (Doc. No. 55)** |
| **FILED:** | **December 1, 2006** |
| **THEREON** it is **ORDERED** that the motion is **DENIED** as moot. | |

Plaintiff sued Defendants under the Fair Labor Standards Act (FLSA or the "Act") for unpaid overtime compensation[1] allegedly owed in her position as a loan officer. Plaintiff claimed in her verified responses to the Court's Interrogatories (Doc. No. 22-2) that she was due overtime of $4,218.00 plus liquidated damages of the same amount, for a total claim of $8,436.00. Defendants tendered to Plaintiff the sum of $8,436.00, and agreed to pay reasonable costs and attorney's fees to be determined by the Court. Doc. No. 48. At the time, Defendants maintained that the $8,436.00 was tendered "not as an act of settlement or compromise, but to moot the necessity of further litigation." Doc. No. 48-2.

Defendants move to dismiss the case arguing that no justiciable controversy remains with respect to Holcomb's claim for overtime and the matter should be dismissed with prejudice. Defendants are opposed to an award of attorney's fees to Plaintiff as "prevailing party" because she did not attempt to utilize the negotiated grievance procedure to administer her claims under the FLSA,

---

[1] Plaintiff also sued under state law for commissions allegedly owed. These claims were dismissed by the District Court on November 1, 2006.

-2-

nor did she file any FLSA claim with the Department of Labor, citing 5 C.F.R. § 551.703 (2002). Doc. No. 48. It is undisputed that, on November 24, 2006, Plaintiff accepted Defendants' offer to resolve her overtime claim for the amount tendered in addition to payment of Plaintiff's attorney's fees and costs to be determined by the Court. Plaintiff contends that the case cannot be dismissed because still pending are the issues of attorney's fees and whether the settlement is fair pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 51.

The Court finds that Plaintiff's overtime claim is mooted by Plaintiff's acceptance of Defendant's tendering of the full amount of overtime claimed. Article III of the United States Constitution requires that a "plaintiff . . . make out a 'case and controversy' between himself and the defendant; that is, the plaintiff must allege 'a distinct and palpable injury to himself' such as to warrant his invocation of federal-court jurisdiction." *National Wildlife Fed. v. Dep't of Interior*, 616 F.Supp. 889, 889 (D.D.C. 1984); *see Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) ("Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of cases and controversies.").

If there is no live controversy, the Court must dismiss Plaintiff's overtime claim as moot. *See National Advert. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) ("By its very nature, a moot suit cannot present an Article III case and controversy and the federal courts lack subject matter jurisdiction to entertain it."), *cert. denied*, 126 S.Ct. 1318 (2006); *Al Najjar*, 273 F.3d at 1335 ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then case is moot and must be dismissed."). In the FLSA case of *Thomas v. Interland, Inc.*, Civ. No. 1:02-cv-3175CC, 2003 WL 24065651 (N.D. Ga. Aug. 25, 2003), the district court held that the case was moot and it lacked subject matter jurisdiction

to hear plaintiff's FLSA claim where defendant offered to satisfy plaintiff's entire demand. *Cf. Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F. Supp.2d 1211, 1219 (offer of judgment for more than employee could have received at trial in action for overtime wages under FLSA, plus attorney's fees and costs to be determined, rendered case moot); *see Rand v. Monsanto*, 926 F.2d 596, 597-98 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."). An interest in attorney's fees is insufficient to create Article III case or controversy where none exists on the merits of the underlying claim. *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 480 (1990).  However, the Court may retain jurisdiction to decide the issue of attorney's fees.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (a federal court may consider collateral issues such as costa and attorney's fees after an action is no longer pending); *see also Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988) (court may decide attorney's fees after final order ending litigation on the merits).

The Act provides that an individual employer who violates § 209 is entitled to the unpaid overtime compensation, an additional equal amount as liquidated damages, and reasonable attorney's fee and costs. 29 U.S.C. § 216(b).  Defendant inappropriately argues at this juncture the issue of fees in its Motion to Dismiss, contending that Plaintiff will not be entitled to attorney's fees.  The Court will decide a motion for attorney's fees on its own merits when the appropriate motion is filed.

The "fairness" determination of the amount offered is also not "a case or controversy" that would keep Plaintiff's claims alive.  The Court need not determine the "fairness" of a claim satisfied by tender of the full amount of the claim sought, which is in the nature of an offer of judgment.  The precedent of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), would not

apply in this case since there is no compromise of claims; the claim has been paid in full. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108); *Mackenzie*, 276 F. Supp.2d at 1218-1219 (*Lynn's Food* was inapposite where offer was for full relief since the holding in that case only concerned the compromise of FLSA claims)

It is respectfully **RECOMMENDED** that Defendants' Motion to Dismiss Plaintiff's Overtime Claims for Lack of Justiciable Controversy (Doc. No. 48) be **GRANTED** to dismiss Plaintiff's claim for unpaid overtime, reserving jurisdiction over Plaintiff's claim for attorney's fees to be filed within 11 days of any Order adopting this Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 21, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy